THE STATE v. ROUND, *Appellant*.

Criminal Law: PROSTITUTION. One who takes a girl under eighteen years of age away from her uncle's house in Iowa, where she is temporarily visiting, under an arrangement made with her before she left her home, and brings her into the county in Missouri where she resides with her father for the purpose of prostitution, and there accomplishes his design, is guilty under Revised Statutes, section 1257, of taking her away from her father for the purpose of prostitution, and is properly indicted in the county where the latter resides.

*Appeal from Mercer Circuit Court.*—Hon. G. D. Burgess, Judge.

AFFIRMED.

*Ballew & Ormsby* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

It is contended that the taking was in Iowa and not in Mercer county, Missouri, and that the evidence, therefore, is not sufficient to convict, the court having no jurisdiction of the offense. Under the English statute against taking women forcibly, and against their will, for purposes of marriage or defilement when taken in one county and carried into another, if the force was continued in the last county, the abductor could be indicted therein. 1 Wharton Crim. Law, (8 Ed.) § 588; 1 East P. C., 453. The gist of the offense under that statute, as under section 1257, Revised Statutes, was the taking away, and the abductor, under our statute, may be indicted in any county into which he takes the girl. In larceny, where the taking is in one county and the thief takes the stolen property into another, he may be indicted in the latter county. This was the doctrine at the common law. Upon the same principle this defendant was liable to indictment in Mercer county, Missouri, when he carried the girl into that county after taking her in Iowa. For by nature and by law the father had the right to her legal charge and possession at all times and places, (*People v. Cook*, 61 Cal. 478,) and having the girl in possession in Mercer county without the father's consent, was taking her out of his possession in said county.

HENRY, J.—Defendant was indicted for taking one Sarah A. Fuqua, a female under eighteen years of age, from the charge of her father for the purpose of prostitution.

His plea was not guilty. On a trial the jury found him guilty and assessed his punishment at imprisonment in the penitentiary for a term of three years. From the judgment of the court on the verdict he has appealed.

The evidence was to the effect that the girl was under eighteen years of age; had gone with her father's consent to visit an uncle in Iowa, about thirty miles distant from her home in Mercer county. That after she had been there about two weeks the defendant, in pursuance of an arrangement with her before she went to Iowa, went with a two-horse wagon to her uncle's house and represented that her brother was sick at home and her father had sent him for her. They started next morning and passed that night alone in the woods in Mercer county, and he had sexual intercourse with her in Mercer county. We forbear to relate other disgusting details which are disclosed by the evidence. The contention of appellant's counsel in the court below, he files no brief here, was, that having taken her, not from her father's in Mercer county, Missouri, but from her uncle in the state of Iowa, where she was on a visit, the offense defined in section 1257 was not committed. That section is as follows: "Every person who shall take away any female, under the age of eighteen years, from her father, mother, guardian or other person having the legal charge of her person, either for the purpose of prostitution or concubinage　*　*　shall, upon conviction," etc.

The father had the care and custody of the daughter even while she was in Iowa at her uncle's, the same as if she had been on a visit to a neighbor in the same county. The legal care and custody of the daughter was not committed to David Bedell, her uncle, by the father's injunction to him to keep her out of bad company. That obligation would rest upon any gentlemen with respect to any young woman visiting at his house, even if no such request had been made by her parents. She was temporarily visiting her uncle in Iowa, was taken thence to the county in Mis-

souri in which she resided with her father, and there the crime was consummated. If she had been visiting a neighbor in an adjoining county, near her father's residence, and taken from there for the purpose of prostitution, and its accomplishment occurred in the county where she lived with her father, no doubt could be entertained that it would be proper to allege that the crime was committed in the latter county.

The crime defined by the statute is not the forcible seizure of the daughter and taking her by force from her father's possession; such a crime is seldom, if ever, committed. But the statute was intended to punish an offense of such frequent occurrence as to demand legislation on the subject. It does not require, in order to establish this crime, that the female should be taken from the house or premises of the person having legal charge of her person, from the actual possession of such guardian, but only that she be taken away from such person for the purpose named in the statute. Whether, after she was taken away from her uncle's residence in Iowa, if defendant accomplished his purpose in that state, and not elsewhere, he could have been indicted and punished in this State, is a different question. Here the arrangement was made with her in this State, in Mercer county, that she should accompany him to Mercer county from her uncle's, and in contemplation of law, while she first started with him in Iowa, yet he took her from her father in Mercer county, and then accomplished his designs upon her.

The judgment is affirmed. All concur.