[Crim. No. 979. Department One.—January 9, 1904.]

THE PEOPLE, Respondent, v. F. K. LEWIS, Appellant.

CRIMINAL LAW—TAKING AWAY OF FEMALE MINOR FOR PROSTITUTION— VENUE OF OFFENSE.—If the original taking away of a female minor from the custody of her father in another county than that of the place of trial was with the intent then and there existing to place her in a house of prostitution in the county of the place of trial, the offense was committed and was triable alone in such other county; but where it appears that the female minor was placed by the father in the custody of the defendant, to be taken to the county of the place of trial for a lawful purpose, and that the defendant there formed the unlawful purpose of placing her in a house of prostitution therein, which purpose was accomplished, the taking of her away from the father without his consent for that purpose was in the county of the place of trial, within the meaning of section 267 of the Penal Code, and that county has jurisdiction of the offense.

ID.—ELEMENTS OF OFFENSE—ABDUCTION—REFUSAL OF INSTRUCTION.—
The actual placing of the minor female in a house of prostitution
is not made an essential element of the crime by the statute. It
is the taking away from the parent or other person having the legal
charge of the minor for the prohibited purpose that constitutes the
crime; "abduction" alone does not import the offense; and a
requested instruction, to the effect that if "the defendant abducted
the girl from her home," the jury must find the defendant not
guilty of the offense charged, was properly refused.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. Henry A. Melvin, Judge.

The facts are stated in the opinion of the court.

Charles S. Burnell, and William B. Craig, for Appellant.

U. S. Webb, Attorney-General, and E. B. Power, Deputy Attorney-General, for Respondent.

ANGELLOTTI, J.—The defendant was convicted in the superior court of the county of Alameda of the offense of taking away a female under the age of eighteen years from her father, without his consent, for the purpose of prostitution (see Pen. Code, sec. 267), and appeals from the judgment pronounced on such conviction and from an order denying his motion for a new trial.

The principal point made for reversal is as to the jurisdiction of the superior court of Alameda County. The information filed against defendant in said court alleged the commission of the offense in Alameda County, and it is claimed that the evidence shows that if the offense was committed by defendant, it was committed entirely in the county of San Benito, and that such evidence, therefore, fails to show any offense within the jurisdiction of the superior court of Alameda County.

The girl, who was sixteen years of age, lived at her father's home in San Benito County, and on October 16, 1901, left her father's home with the defendant and another female, and went with them to Oakland, by way of Gilroy and San Jose, at each of which places they remained for a few days. They arrived in Oakland, Alameda County, about October 23, 1901,

where they continued to live in a camp-wagon, in which they had traveled from San Benito County, until about the middle of November, 1901, when, as the evidence very clearly shows, the defendant placed the girl in a house of prostitution in said city of Oakland, for the purpose of profiting by her earnings therein. The testimony of the defendant himself in this connection was such that any rational jury could not come to a different conclusion.

There was evidence sufficient to warrant the jury in concluding that the father, who was without means and had a large family, allowed the defendant to take his daughter, upon the understanding that if she suited the niece of defendant's wife, who, he said, was then in Gilroy, she would take her to Oakland and give her a trade, and that the father never consented to her being placed in a house of prostitution. The father testified that defendant said: "Well, I guess she will send her to school and send her to learn the millinery trade." The defendant himself testified: "I took the girl . . . from her home at San Juan by consent of her father, to better her condition; there was nothing specially spoken of in what way I should put this girl; whether in a family; a private family was spoken of; there was millinery spoken of."

It must be conceded, as claimed by defendant, that the offense defined by section 267 of the Penal Code is complete when there is a taking for the purpose of prostitution. The section provides that "Every person who takes away any female under the age of eighteen years from her father, mother, guardian, or other person having the legal charge of her person, without their consent, for the purpose of prostitution, is punishable," etc. The actual placing in a house of prostitution is not made an essential element of the crime by the statute. It is the taking from the parent or other person having the legal charge of her person, *for the prohibited purpose,* that constitutes this crime. As said in *State* v. *Gibson,* 111 Mo. 92, of a similar statute: "The *gravamen* of the offense is the purpose or intent with which the enticing and abduction is done, and the offense is complete whenever the abduction for the prohibited purpose is complete, no matter whether any sexual intercourse result or not." (See, also,

CXLI. Cal.—35

*People* v. *Dolan,* 96 Cal. 315, *State* v. *Bobbst,* 131 Mo. 338; *Henderson* v. *People,* 124 Ill. 614;[1] *State* v. *Johnson,* 115 Mo. 495.)

Therefore, if the evidence was such as to compel the conclusion that the defendant took the girl from her father in San Benito County, with the intent then and there existing to use her for purposes of prostitution, we would be compelled to hold that the offense was wholly committed in San Benito County, and that no offense within the jurisdiction of the superior court of Alameda County was shown, unless such jurisdiction was conferred by section 784 of the Penal Code.

The evidence was, however, such as to sustain a finding of the jury to the effect that at the time the girl was given into the charge of defendant by her father there was no intent on defendant's part to use her for purposes of prostitution, and that such intent was not conceived by him until some time after their arrival in Alameda County, while the girl was still in his actual charge, committed thereto by the father for a proper purpose, and that thereupon the defendant, in said Alameda County, placed her in a house of prostitution. Under these circumstances, it must be held in support of the verdict, that the taking of the girl from the father "for the purpose of prostitution" was in Alameda County, and not in San Benito County.

As was said by the supreme court of Missouri of a similar statute, "The statute does not require, in order to establish the crime, that the female should be taken from the house or premises of the person having legal charge of her person, from the actual possession of such guardian, but only that she be taken away from such person for the purpose named in the statute." (*State* v. *Round,* 82 Mo. 679.) In that case it was held that a father residing in the state of Missouri had the care and custody of a daughter at the time of the taking, although she was then visiting her uncle in the state of Iowa.

In the case of *State* v. *Gordon,* 46 N. J. L. 432, where the defendant had brought a girl into the state of New Jersey from another state, and there persuaded her not to return to her home, and seduced her, it was held, under a statute similar to ours, so far as the provision concerning the taking

---

[1] 7 Am. St. Rep. 391.

is concerned, that the girl, although in the state of New Jersey, was still in the custody and care of her legal guardian within the meaning of the statute, and that when "the defendant, with the intent set out in the statute, interposed his will or persuasion between her and her guardian's control," he accomplished the abduction in the state of New Jersey.

The decisions constitute full and complete authority for the proposition that, within the contemplation of the statute, a girl may be in the custody of the person having legal charge of her person, although absent from him with his consent, in the care of another for some proper purpose; and that one who then takes her for the prohibited purpose, takes her "from" the person having such legal charge of her person.

When the defendant, to whom this girl had been temporarily committed for a proper purpose, conceived the intent to use her for another purpose, one prohibited by this statute, and "interposed his will between her and her guardian's control," he took her from her father for that purpose. This was done, according to the finding of the jury, in Alameda County, and the crime was therefore wholly committed in that county. This being our view of the law, it is unnecessary to consider the question as to the application of section 784 of the Penal Code to a case of this character.

We have examined the rulings of the court relating to the admission of evidence, complained of by counsel for defendant, and find no prejudicial error.

The defendant assigns as error the refusal of the court to instruct the jury as follows, viz.: "If you find that the defendant abducted the girl from her home in San Juan, San Benito County, then you must find the defendant not guilty, as he has not committed the offense with which he is charged —in abducting a girl for the purpose of prostitution in Alameda County." The instruction was properly refused. The word "abduct" does not necessarily mean a taking for purposes of prostitution. According to this instruction, if the defendant had taken the girl from her home in San Benito County for a proper purpose, and without any intent to use her for the prohibited purpose, he could not subsequently take her from her father for such prohibited purpose, within

the meaning of section 267 of the Penal Code. As we have seen, this is not the law.

We are satisfied that no error substantially affecting defendant's rights has been shown, and that he has been properly convicted of a most despicable offense.

The judgment and order are affirmed.

Shaw, J., and Van Dyke, J., concur.