DAVID PETERSON, Appellant, v. STATE OF FLORIDA, Appellee.

199 So. 753

En Banc

Opinion Filed January 14, 1941

*G. P. Garrett* and *Lawrence Rogers,* for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

TERRELL, C. J.—David Peterson was tried and convicted of murder in the first degree without recommendatoin to mercy. He was sentenced to be electrocuted, and now seeks a modification or relief from that judgment.

He complains of charges given and charges refused; he

contends that the evidence taken as a whole merited a recommendation to mercy and he says that the examination by the State Attorney exceeded the limits contemplated by Section 4373, Compiled General Laws of 1927, thereby compelling him to testify against himself.

As for recommendation to mercy, this is a matter entirely in the discretion of the jury to be determined by the facts of the particular case. The jury did not make .such a recommendation in this case and we find no reason to question their failure to exercise this discretion. Other questions argued have been carefully examined but we find no reversible error.

It was admitted at the bar that defendant was guilty but he contended that the punishment was too severe. Defendant also admitted his guilt at the trial but proffered self defense as a motive for his act. In this situation, the real and only question before the jury was to determine the degree of homicide the defendant was guilty of. There is some conflict in the evidence but it amply supports the verdict and judgment. The trial was in all respects fair and regular and the defendant was ably represented. So far as the record discloses, he was given the advantage of every right afforded him under the law.

We make this pronouncement because of the remorse expressed by counsel at not recovering a lighter verdict for defendant and thereby intercept the death penalty. It is true that blood has a symbolism in this country that it has nowhere else on earth due to a long and consistent background of impression in Christian ethics and what its implications do for us. We don't look with favor on the prospect of being linked with the blood of another in any capacity but the law of the land guarantees one a lawful trial and the benefit of counsel regardless of the crime he commits. If it be murder and the defendant is proven to

have taken the life of another with malice afterthought, the law exacts that he must pay with his own life. When all is done for him that was shown to have been done here, there is no basis for regret on the part of counsel at the law's exaction.

A jury of his countrymen have found the defendant guilty, so it remains for the mandate of the law to be executed. True, the penalty is severe, in the opinion of some, too severe, but court nor counsel can control that. It may be that future generations will devise a more effective means of dealing with all ,anti-social aberrations but each generation is bound by law as it is and not as those better schooled in the art of human relations think it should be.

The judgment is affirmed.

Affirmed.

WHITFIELD, BROWN, BUFORD, CHAPMAN, THOMAS and ADAMS, J. J., concur.