ROBERTS, Justice.
The appellant, Wallace Pleas, was charged with murder in the first degree, in one indictment alleging the unlawful killing of Precious Rollins and the other indictment alleging the unlawful killing of Carrie Mae Stinson. The cases were consolidated for trial with consent of counsel and the appellant was found guilty of murder in the first degree without recommendation of mercy in both cases. A motion for new trial was filed and denied and the court entered a judgment of guilty and sentence of death.
The testimony and evidence introduced at the trial established that on September 14, 1964, the defendant, Wallace Pleas, inflicted certain gunshot wounds upon both Precious Rollins and Carrie Mae Stinson. The fact of the shooting and that such wounds were the proximate cause of the death of these persons were not in dispute and were admitted by the defendant after they had been originally established by the state’s witnesses.
Six points of error, including one that the evidence was insufficient to support the verdict of guilty without recommendation of mercy, are now presented and argued in three points on appeal. We shall resolve all of them.
The appellant argues, first, the propriety of the trial court’s allowing into evidence, over objection of the defendant, certain pictures which he contends were designed and intended solely to prejudice and inflame the jury against the defendant. We have examined the record and find that the photographs were material as corroborating the testimony of the witnesses for the state, and that their admission comes within the rule announced in Leach v. State (Fla.1961), 132 So.2d 329, and cases therein cited.
As a second point on appeal the appellant contends that the instructions of the court concerning the questions of premeditation and heat of passion as reducing the degree of the offense charged were inadequate. We find no merit in this contention. The over-all charges of the trial court fully and ably cover all appropriate and required instructions, and the additional charge requested was correctly denied by the trial judge.
The final question is a blanket assault on the sufficiency of the evidence to support a verdict of guilty without recommendation of mercy. The evidence is abundantly sufficient to support the verdict of guilty. The matter of a “recommendation to mercy” is a matter entirely in the discretion of the jury. Peterson v. State (1941), 145 Fla. 466, 199 So. 753.
We haye carefully examined and thoroughly considered the record in these consolidated cases in the light of the briefs filed and have also, pursuant to Section 924.32, Florida Statutes, F.S.A., and Florida *649 Appellate Rule 6.16, 31 F.S.A., reviewed the evidence to determine if the interests of justice require a new trial, with the result that we find no reversible error is made to appear and the evidence is sufficient and does not reveal that the ends of justice require that a new trial be awarded.
Affirmed.
DREW, O’CONNELL and CALDWELL, JJ., concur.
THORNAL, C. J., dissents because of inadmissibility of photographs.
THOMAS and ERVIN, JJ., dissent.