## STATE OF CONNECTICUT *v.* GRADY COBB

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 4—decided December 23, 1969

*Herbert J. Bundock,* public defender, for the appellant (defendant).

*Joseph T. Gormley, Jr.,* state's attorney, for the appellee (state).

House, J. Upon a trial to a jury the defendant was found guilty of the crime of robbery with violence. The court denied the defendant's motion to set aside the verdict as contrary to law and against the evidence. From the judgment rendered on the verdict the defendant has appealed, assigning error in the court's denial of the motion and error in a ruling, preliminary to the admission into evidence of certain statements made by the defendant, that the defendant had been adequately advised of his constitutional rights before questioning by the police.

The denial of the defendant's motion to set aside the verdict is tested in the light of the evidence printed in the appendices to the briefs. *State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574; *State* v. *Gyuro,* 156 Conn. 391, 397, 242 A.2d 734, cert. denied, 393 U.S. 937, 89 S. Ct. 301, 21 L. Ed. 2d 274. In his assignments of error and in his brief, the defendant has specifically limited his claim with respect to insufficiency of the evidence to a claim that the state did not prove beyond a reasonable doubt that the defendant was the person who held up and robbed a gasoline station attendant.

The appendix to the state's brief properly discloses in detail the evidence which the jury had for consideration in determining the question of the guilt of the defendant. There was evidence that shortly after 2 a.m. on March 9, 1968, a black Oldsmobile operated by a male Negro drove into a Stamford gasoline station manned by David Peterson. The driver, after asking for gasoline, held a knife to Peterson's back and directed Peterson to go to the office. At that time a woman came from the automobile, entered the station and ordered Peterson to turn over whatever money was in the cash register.

Peterson handed over the contents of the cash register, and the man and the woman left in the Oldsmobile, which Peterson noted bore Connecticut registration number FE 2298. The lighting in the station was good, with lights over the gas pumps, four large spotlights and lights in the station office. Shortly after 2 a.m. Peter J. Barney, a sergeant in the Stamford police department, alerted to be on the lookout for a black Oldsmobile with FE 2298 registration plates, observed the car and chased it at a high rate of speed until it crashed into a fence at a corner. Two Negro males fled from the car leaving two women in it. Shortly thereafter another officer, who had been given a description of the driver of the car by the officer who had pursued it, arrested the defendant in the vicinity of the accident. At the trial, the victim, Peterson, identified the defendant as the man who had held him up at knife point at the gasoline station.

With this evidence for their consideration the jury were amply justified in finding that the state had proved the guilt of the defendant beyond a reasonable doubt.

The only remaining assignment of error relates to an evidential ruling of the court. After the defendant was arrested, he was taken to the police station. At a preliminary hearing in the absence of the jury, Sergeant Barney and Frank Phillips, a Stamford police officer, testified that the defendant was there informed by Lieutenant Considine (who was out of the state at the time of the trial) of his constitutional rights and that he did not have to make any statement, that he had the right to make a phone call, that he did not have to say anything without a lawyer, that if he did not have a lawyer one would be appointed for him and that anything he said would

be used against him. Thereafter, the officers testified that the defendant, without any interrogation and when one of the officers complimented him on his driving ability, voluntarily stated that he would not have crashed his car if it had not been for the narrow road and the fence and that he would plead to everything if he could be released without bond.

At one point in the preliminary hearing, the defendant denied that he had made such statements. At another point he testified that he had understood and known at police headquarters that he could have a lawyer present at the time of questioning "right then and there" and further indicated that he had been told this before on prior arrests.[1] The court denied the defendant's motion to strike and suppress evidence as to the two statements of the defendant, stating: "The court believes that this man knew his rights, that he was advised properly of his rights. I do not believe that a trick was used. I believe that it was a simple reaction to something complimentary, an observation of a complimentary nature, or as someone said here, small talk. I believe it was done on a thoroughly voluntary basis, and the motion is denied."

In *State* v. *Benitez,* 157 Conn. 384, 254 A.2d 564, we detailed at length the requirements specified in *Miranda* v. *Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, as conditions precedent to the admis-

---

[1] The transcript discloses the following testimony of the defendant in the course of direct examination by his attorney: "Q.—And did you ask for a lawyer? A.—No, sir. Q.—Did you understand that you could have one present at that time? A.—Yes. Q.—Right then and there? A.—Yes. Q.—You understood that? A.—I had been told that before. I mean, other times. Q.—You had been arrested before? A.—Yes. Q.—So, you knew that you had a right to have a lawyer present right then and there before he talked to you. A.—Yes. Q.—You knew that? A.—Yes."

sibility of any statement made in the course of the interrogation of an arrested person, and it is unnecessary to review them here. The only deficiency claimed by the defendant in his brief is that the police in this case failed "to advise the Defendant that he had a right to have counsel present during police questioning." Not only did the court which heard the witnesses and made the ruling find that the statements attributed to the defendant were, after warning, volunteered by him without any interrogation by the police but it found that they were made after he had been properly informed of his constitutional rights and when, as the defendant himself testified, he understood that he could have a lawyer present "right then and there" at the time of questioning. Under these circumstances we conclude that there is no merit to the defendant's claim that the court was in error in denying his motion to strike and suppress the evidence as to the two statements he made.

There is no error.

In this opinion the other judges concurred.