PER CURIAM.
Appellant was convicted of first degree murder and sentenced to death. His appeal pursuant to Fla.Const. Art. V, § 4(2), F.S.A. raises five points of alleged error by the trial court. The only issue we find it necessary to consider is whether the trial court erred in admitting into evidence certain enlarged color photographs and color 35-mm slides projected on a screen before the jury, portraying the dead body of the victim.
The state attempted to prove that when the victim, a 6-year old boy, visited the defendant in his trailer, he tied the boy up, struck him unconscious with his fists, placed him in the trunk of his automobile, carried the unconscious body to a secluded *419 overgrown area, dug a shallow grave, struck the victim with a shovel when he regained consciousness and placed the victim face down in a shallow mud and water-filled grave, in which the victim suffocated as a result of inhaling water and mud.
The state introduced into evidence over appellant’s objections several 8" x 10" color photographs and several 35-mm color slides projected upon a screen for the jury’s benefit. Appellant argues that the slides and photographs were inflammatory, tended to. create prejudice against the defendant and were cumulative in effect. Those alleged to be particularly objectionable include a 8" x 10" color photograph of the victim lying face up in a shallow grave after having been uncovered and turned over, revealing the partially nude body of the victim, scalp lacerations and sand and mud caked on the victim’s face; three 8" x 10" color photographs of the shallow grave site, one portraying the scene before any attempt was made to uncover the victim’s body, and the other two showing portions of the victim’s body lying face down in the grave partially covered by mud; two 8" x 10" color photographs of the shallow grave after removal of the victim’s body, showing the depth of the grave and showing smooth shovel marks along the outside of the grave; three 35-mm color slides of all or portions of the victim’s partially nude body taken by the Orange County Medical Examiner at the Orange Memorial Hospital Morgue revealing evidence of the sandy and caking material about the face and the head, and lacerations and contusions on the face and head; and finally, two color 35-mm slides’ revealing the appearance of the skull after ■ removal or reflection of the scalp, showing two fractures of the skull and associated hemorrhages.
Each of the photographs enumerated above was employed by the Orange County Medical Examiner in his testimony before the jury. It was his opinion that each of the photographs would assist him in communicating to the jury the ultimate cause of death of the victim, and in particular the sequence of events leading up to the ultimate death of the victim. Each of the photographs were shown to be both material and relevant to proof of an element of the crime which the state had the burden to prove beyond and to the exclusion of every reasonable doubt.
There is no question that the photographs are highly unpleasant and offensive to our normal senses. But, after reviewing the numerous relevant prior decisions of this Court[1], we cannot say that the photographs here fall into that category which must be excluded from the jury’s consideration because of their highly inflammatory and prejudicial nature.
We have considered the remaining points on appeal and, pursuant to Sec. 924.32(2), F.S.A. have reviewed the evidence to determine whether the interests of justice require a new trial. We find and determine that the trial court has committed no prejudicial error.
Affirmed.
ROBERTS, C. J., ERVIN, CARLTON, ADKINS, BOYD and DREW, (Retired), JJ., and CHRISTIE, Circuit Judge, concur.

. Lindberg v. State, 134 Fla. 786, 184 So. 662 (1938) ; Mardorff v. State, 143 Fla. 64, 196 So. 625 (1940) ; Savage v. State, 38 So.2d 47 (Fla.1948) ; Thomas v. State, 59 So.2d 517 (Fla.1952) ; Kitchen v. State, 89 So.2d 667 (Fla.1956) ; Dyken v. State, 89 So.2d 866 (Fla.1956) ; Brooks v. State, 117 So.2d 482 (Fla. 1960) ; Leach v. State, 132 So.2d 329 (Fla.1961) ; Wilkins v. State, 155 So.2d 129 (Fla.1963) ; Blake v. State, 156 So. 2d 511 (Fla.1963) ; Reddish v. State, 167 So.2d 858 (Fla.1954); Pleas v. State, 184 So.2d 647 (Fla.1966) ; Calloway v. State, 189 So.2d 617 (Fla.1966); See also, Dillen'v. State, 202 So.2d 904 (2nd Dist.Ct.App.Fla.l(Í67) ; Belger v. State, 171 So.2d 574 ' (1st Dist.Ct.App.Fla. 1965) ; Cullaro v. State, 97 So.2d 40 (2nd Dist.Ct.App.Fla.1957) ; annot., 73 A.L.R.2d 769; annot., 159 A.L.R. 1413.