STATE OF CONNECTICUT *v.* MICHAEL DUBINA

HOUSE, C. J., RYAN, SHAPIRO, MACDONALD and BOGDANSKI, Js.

Argued October 10—decided November 22, 1972

*Martin B. Burke,* special public defender, for the appellant (defendant).

*Abbot B. Schwebel,* assistant state's attorney, for the appellee (state).

BOGDANSKI, J. On a trial to the jury, the defendant was found guilty of the crime of kidnapping in violation of § 53-27 of the General Statutes, of the crime of rape in violation of § 53-238 and of the crime of indecent assault in violation of § 53-217. The court denied the defendant's motion to set aside the verdict as contrary to law and against the evidence. From the judgment rendered on the verdict the defendant has appealed.

Six assignments of error have been pressed on the appeal: (1) the court's denial of his motion to set aside the verdict as contrary to law and against the weight of the evidence; (2) the granting of the state's motion for appointment of a psychiatrist to examine the defendant; (3) the denial of the motion to dismiss the count charging kidnapping; (4) the admitting into evidence of a photograph of

the victim; (5) the admitting into evidence of certain testimony of the defendant, and (6) the admission into evidence of certain testimony of William J. Doerr, a psychiatrist called by the defense.

The defendant's first and principal assignment of error, the denial of his motion to set aside the verdict as contrary to law and against the weight of the evidence, is tested by the evidence printed in the appendixes to the briefs. *State* v. *Mayell,* 163 Conn. 419, 421, 311 A.2d 60; *State* v. *Cobb,* 159 Conn. 31, 32, 266 A.2d 393; *State* v. *Mortoro,* 157 Conn. 392, 393, 254 A.2d 574.

The crime of rape in violation of § 53-238 of the General Statutes consists of the unlawful carnal knowledge of a female under the age of sixteen years. Carnal knowledge means unlawful sexual intercourse. *State* v. *Ferris,* 81 Conn. 97, 99, 70 A. 587. The least penetration of the victim is sufficient. *State* v. *Shields,* 45 Conn. 256, 259.

The appendix to the state's brief discloses in detail the evidence which the jury had for consideration in determining the guilt or innocence of the defendant on the charge of rape. There was evidence that the victim was a six-year-old female; that she was found in the defendant's car, lying on her back, with her legs spread apart, nude from the waist down and with the defendant on top of her; that she stated that the defendant had penetrated her "where she goes to the bathroom"; that her vulva and thighs were covered with blood; that the vulva had been penetrated, that blood was found on her underwear and a seminal stain on the front of the defendant's underwear, and blood was found on the defendant's trousers.

The requirement for conviction is proof beyond a reasonable doubt. "[P]roof beyond a reasonable

doubt is such proof as precludes every reasonable hypothesis except that which it tends to support and is consistent with the defendant's guilt and inconsistent with any other rational conclusion." *State v. Smith,* 156 Conn. 378, 382, 242 A.2d 763. Evidence, whether direct or circumstantial, which convinces the jury beyond a reasonable doubt is all that is required. *State v. Colonese,* 108 Conn. 454, 460, 143 A. 561. There was ample evidence here to support the conclusion of the jury that the defendant committed acts which for a sane person would constitute the crime of rape beyond a reasonable doubt.

The defendant was also convicted on a charge of kidnapping in violation of § 53-27 of the General Statutes in that he "did fraudulently or forcibly restrain a person of her liberty, with intent to demand a concession or other valuable thing for her release, or who, with such intent, used force or violence and threatened to harm or injure such person, and did fraudulently or forcibly restrain" the victim.

Evidence was introduced that the victim was a six-year-old child; that the parent had given no authorization to the defendant to take the child in his car; that the defendant offered her a ride home when he first accosted her; that the victim remained in the defendant's car from 1:15 p.m. to 9:15 p.m. and the defendant refused to take her home when she requested him to do so; that the defendant committed a number of sexual acts with her; that the victim clung to the leg of Trooper James Johnston when he arrived and claimed to have gotten away from the defendant. Finally, the victim had $1.25 in lunch money on her person when she left home in the morning and $5 when she was found with the defendant.

The defendant in his brief argues that there was no evidence of "forcible or fraudulent restraint" within the meaning of § 53-27. Furthermore, the defendant claims that abundant evidence was shown that the victim had numerous opportunities to leave him. We need not dwell further on this argument because, as a matter of law, the victim, a child of tender years, could not consent to being taken by the defendant. *People* v. *Lewis,* 141 Cal. 543, 75 P. 189; *State* v. *Rollins,* 8 N.H. 550; *State* v. *Metcalf,* 129 Ore. 557, 278 P. 974; 1 Am. Jur. 2d 171, Abduction and Kidnapping, § 16. Obtaining control of this six-year-old child by the defendant with intent to do so and without authorization of the parent constituted fraudulent restraint within the meaning of § 53-27. See 51 C.J.S. 436, Kidnapping, § 5.

Section 53-27 requires, further, that the fraudulent or forcible restraint be imposed with the intent to demand a concession or other valuable thing for her release. Restraint for sexual gratification has been considered within the purview of kidnapping statutes; *Poindexter* v. *United States,* 139 F.2d 158 (8th Cir.), *Cowan* v. *State,* 208 Tenn. 512, 347 S.W.2d 37, 1 Am. Jur. 2d 175, Abduction and Kidnapping, § 21; and a restraint for the purpose of obtaining a concession of sexual compliance satisfies the requirement of § 53-27. The sufficiency of proof on that point was properly left to the jury and this claim of error is without merit. *State* v. *Vars,* 154 Conn. 255, 266, 224 A.2d 744.

The defendant also claims in his brief that § 53-27 does not apply to a crime which is "essentially rape" and/or indecent assault and not a "true" kidnapping. He says, in effect, that his crime was essentially rape and not a "true" kidnapping situ-

ation. That question, of course, would properly be a question for the jury to decide under appropriate instructions from the court. As a general rule, where the necessary elements of two or more distinct offenses are combined in the same act, prosecution for one will not bar prosecution for the other. *State* v. *Fico*, 147 Conn. 426, 430, 162 A.2d 697. The defendant claims that the direction of the criminal law has been to limit the application of kidnapping statutes so that crimes which are essentially robbery, rape or assault do not fall within their scope. In support of his claim the defendant cites *People* v. *Levy*, 15 N.Y.2d 159, 204 N.E.2d 842, where the court held that a detention or asportation for a relatively short time incident to a robbery generally would not constitute kidnapping. The question whether the detention had been merely "incidental" to the rape was for the jury to decide. Here, the defendant did not request a charge to keep the kidnapping statute from applying where the restraint was only incidental to the rape. We cannot say, as a matter of law, that the defendant's restraint of the victim could not fall within the purview of § 53-27. The verdict on this count must stand.

The final issue raised by the first assignment of error concerns the sanity of the defendant. Once the issue was raised, the burden was on the state to prove beyond a reasonable doubt that the defendant was sane. *State* v. *Davis*, 158 Conn. 341, 356, 260 A.2d 587. Evidence was introduced by two qualified medical experts that the defendant was not suffering from a mental defect which substantially impaired his capacity to appreciate the wrongfulness of his conduct or to make his conduct conform to the requirements of the law. Although the defendant's

psychiatrist testified he was suffering from a mental disease, paranoia, he also testified the defendant did not suffer from a compulsion to go through with his delusion. The jury were entitled to believe or disbelieve the psychiatrist's testimony. The sufficiency of the proof must be left to the jury. *State* v. *Parker,* 112 Conn. 39, 54, 151 A. 325. There was ample evidence before the jury to warrant a finding that the defendant was sane beyond a reasonable doubt.

In his brief, the defendant also raised a question concerning the time spent by the jury in deliberating. He says that the issue of his sanity was so complex as to warrant more time for deliberation. The time spent by the jury in deliberating does not constitute grounds of reversal per se. "In reviewing the inferences which the jury drew, we limit our inquiry to whether they were so unreasonable as to be unjustifiable." *State* v. *McGinnis,* 158 Conn. 124, 130, 256 A.2d 241. We cannot say that the time spent by the jury in deliberating was so short as to preclude the reasonableness of the verdicts.

There was ample evidence to support the verdicts of guilty of the crimes of indecent assault, rape and kidnapping.

The defendant assigns as error the denial of his motion to dismiss the count of the information charging kidnapping. The questions of law raised by this motion were covered in our discussion of the defendant's first assignment of error and need not be considered again. In any event, the denial of a motion to dismiss is not properly assignable as error. *State* v. *Anderson,* 152 Conn. 196, 198, 205 A.2d 488; *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446; Maltbie, Conn. App. Proc. § 212.

The defendant's next assignment of error concerns the granting of a motion by the state for the

appointment of a psychiatrist to examine him during the course of the trial. He says that ordering this examination and failing to place limitations on it violated his right against self-incrimination as guaranteed by the fifth amendment. No showing has been made how such psychiatric examination or the resulting testimony violated the defendant's fifth amendment rights. This claim has no merit.

He also assigns error in the admission of a photograph of the victim. The photograph was a black and white enlargement of a 4 x 5 print, depicting the lower half of the victim's body shortly after the incident in question. He objected on the ground that the probative value of the photograph would be outweighed by its prejudicial effect on the jury. Photographs which may tend to prejudice the jury are nevertheless admissible in the discretion of the court as long as they have a reasonable tendency to prove or disprove a material fact and their value as evidence outweighs any possible prejudicial effect. *Thibodeau* v. *Connecticut Co.,* 139 Conn. 9, 14, 89 A.2d 223. The state was required to prove beyond a reasonable doubt that the victim had been the subject of an indecent assault and that there had been sufficient penetration to constitute rape. On those questions the photograph was material and it does not appear that in admitting it in evidence the court abused the broad discretion which it has in such circumstances. *State* v. *LaBreck,* 159 Conn. 346, 351, 269 A.2d 74; *State* v. *Taborsky,* 147 Conn. 194, 215, 158 A.2d 239.

The remaining assignments of error deal with the admission into evidence of certain testimony of the defendant, and his witness Doerr, the psychiatrist. On cross-examination the defendant was asked: "Why is it necessary to interpose a defense of in-

sanity to both kidnapping and rape, if you deny it? Isn't it inconsistent?" An objection was made, overruled and an exception was taken. The defendant then answered that he didn't think the two defenses were inconsistent. Subsequent to this, an objection to a similar question covering the rape charge was sustained by the court. On cross-examination, Doerr, called by the defense, was asked if the defendant was intelligent enough to know that a defense of insanity would probably free him from going to prison. An objection was made claiming that it called for a legal conclusion. The objection was overruled and an exception was taken. The defendant claims that these questions directed to him and to Doerr tended to belittle his defense of insanity. The trial court has wide discretion as to the scope of testimony on cross-examination. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 227, 215 A.2d 123; *State* v. *Keating,* 151 Conn. 592, 597, 200 A.2d 724, cert. denied, sub nom. *Joseph* v. *Connecticut,* 379 U.S. 963, 85 S. Ct. 654, 13 L. Ed. 2d 557. The court did not abuse its discretion in this instance.

There is no error.

In this opinion the other judges concurred.