584 P.2d 634 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Gilbert MOLINA, a/k/a Joseph D. Yescas, a/k/a Gilbert J. Molina, Defendant-Appellant.
No. 76-866.
Colorado Court of Appeals, Div. II.
June 8, 1978.
Rehearing Denied July 13, 1978.
Certiorari Denied September 25, 1978.
*635 J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Linda Palmieri Rigsby, Asst. Atty. Gen., Denver, for plaintiff-appellee.
Rollie R. Rogers, Colorado State Public Defender, James F. Dumas, Chief Deputy State Public Defender, Nancy E. Rice, Deputy State Public Defender, Paula K. Miller, Deputy State Public Defender, Denver, for defendant-appellant.
BERMAN, Judge.
Defendant, Gilbert Molina, was convicted by a jury of first degree kidnapping and first degree sexual assault. The charges stemmed from the victim's identification of defendant as the man who had abducted her from a carwash at knife point, drove her to his apartment, and sexually assaulted her several times. Contending that the trial court erred in denying his motion to dismiss the first degree kidnapping charges, defendant appeals. We affirm.
At the outset, we reject defendant's contention that the first degree kidnapping statute, § 18-3-301, C.R.S.1973, applies only to "a ransom situation." The statute proscribes any kidnapping "with the intent . . . to force the victim or any other person to make any concession or give up anything of value in order to secure a release," and the phrase "any concession" is sufficiently broad to encompass submission to a sexual assault. See State v. Knutson, 220 N.W.2d 575 (Iowa 1974); State v. Dubina, 164 Conn. 95, 318 A.2d 95 (1972). See generally Webster's Third New International Dictionary 470 (1976) (concession defined as "an act or instance of conceding or yielding especially to an implied or expressed pressure, claim, demand, or request"). And, contrary to defendant's assertions, the record amply demonstrates that in the instant case, the defendant warranted, and the victim perceived, that her freedom was dependent on her submission to the sexual assault.
Nor do we find such a construction of the statute and the statute's application here, impermissible as allowing double punishment for an identical criminal act. All elements of first degree kidnapping are established on proof of a defendant's kidnapping the victim with the intent to force her to make a sexual concession to effect her release. Since it is possible to commit that offense without accomplishing its object, i. e., perpetration of a sexual assault, conviction of both crimes is not barred by double jeopardy. See State v. Williams, 111 Ariz. 222, 526 P.2d 1244 (1974); cf. People v. Archuleta, Colo., 554 P.2d 307 (1976). See generally People v. Hancock, 186 Colo. 30, 525 P.2d 435 (1974).
Judgment affirmed.
ENOCH and VanCISE, JJ., concur.