No. 49,700

STATE OF KANSAS, *Appellee,* v. ERNEST B. GUTIERREZ, *Appellant.*

(590 P.2d 1063)

Opinion filed February 24, 1979.

*Edgar Wm. Dwire,* of Alkire, Dwire & Wood, of Wichita, was on the brief for the appellant.

*Curt T. Schneider,* attorney general, *Vern Miller,* district attorney, and *Douglas R. Roth,* assistant district attorney, were on the brief for the appellee.

*Per Curiam:* This is an appeal in a criminal action from a bench trial in which Ernest B. Gutierrez (defendant-appellant) was found guilty of second degree murder (K.S.A. 21-3402). The sole issue asserted in this appeal is whether the trial court erred in the admission of enlarged autopsy photographs.

On May 29, 1976, nine-month-old Michelle Gutierrez was pronounced dead on arrival at St. Joseph's Hospital in Wichita, Kansas, by Dr. Antonio Osio. She had entered the hospital suffering from acute distress with bruises on her face, chest and abdomen. Because of the nature of her injuries, an autopsy was ordered and performed on May 30, 1976, by Dr. Joseph Lin assisted by Dr. William Eckert, a forensic pathologist and deputy coroner for Sedgwick County. At the trial Dr. Eckert identified the cause of death as head trauma, abdominal trauma (lacerated liver), and diffuse body trauma.

The appellant objects to the admission of numerous autopsy photographs which were greatly enlarged to dimensions of sixteen inches by twenty inches. The trial judge allowed the use of these photographs because their enlarged size better enabled him to see the injuries and also because the witnesses could refer to the pictures as they testified.

We have often stated photographs are not rendered inadmissible merely because they are shocking or gruesome if they are relevant and material to the matters at issue. The admission of photographs of a decedent is not error when they are relevant to

matters in issue such as the cause and manner of death, and as an aid in the understanding of a pathologist's testimony. *State v. White & Stewart,* 225 Kan. 87, 587 P.2d 1259 (1978); *State v. Shultz,* 225 Kan. 135, 587 P.2d 901 (1978); *State v. Soles,* 224 Kan. 698, 701, 585 P.2d 1032 (1978). Moreover, the size of the photographs does not make them inadmissible. See *State v. Dubina,* 164 Conn. 95, 318 A.2d 95 (1972); *Wasley v. State,* 244 So.2d 418 (Fla. 1971); *State v. Miller,* 237 La. 266, 111 So.2d 108 (1959); *Quintanilla v. State,* 501 S.W.2d 329 (Tex. Crim. 1973); *Dickey v. State,* 444 P.2d 373 (Wyo. 1968).

In the present case we have viewed the photographs and find them neither shocking nor gruesome. They were used to corroborate testimony and assist the trier of fact in understanding the nature, degree and extent of injuries to the deceased. Furthermore, the photographs were not unduly repetitious. Therefore, our court finds no error in the admission of these photographs.

The judgment of the lower court is affirmed.