## State of Connecticut *v.* Kenneth Burak (5549)

Borden, Spallone and Bieluch, Js.

Argued October 13—decision released November 17, 1987

*Brian S. Karpe,* with whom, on the brief, was *Kimball Haines Hunt,* for the appellant (defendant).

*Leah Hawley,* with whom, on the brief, was *Thomas Miano,* for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction, after a jury trial, of the crime of kidnapping in the second degree in violation of General Statutes § 53a-94. We find no error.

On June 26, 1981, Deputy Sheriff Joseph Ravalese was assigned to the lockup at the Superior Court, judicial district of Hartford. The defendant, on that day, was on trial for murder and kidnapping. At the end of the

day, as part of his duties, Ravalese was responsible for transporting the defendant to the Hartford correctional facility on Weston Street. The defendant was handcuffed to another prisoner and placed in Ravalese's vehicle, where he was seated in the back seat directly behind the driver.

As Sheriff Ravalese was driving along Windsor Street, the defendant put his left arm around Ravalese's neck in a choke hold, exerting pressure on his throat. The defendant then put a homemade ice-pick to Ravalese's neck and threatened him. The defendant unlocked the handcuffs and ordered Ravalese to handcuff himself to the steering wheel. Ravalese seemingly obeyed, but, in fact, he only simulated attaching his arm to the wheel. Because of the heavy traffic the vehicle was proceeding at a very low speed. The defendant, observing a police cruiser in a parking lot, warned Ravalese "not to do anything stupid or he would be a dead man." After holding Ravalese in a choke hold with the ice pick against his neck for approximately sixteen minutes, the defendant fled from the car and ran in a northerly direction. After exiting his vehicle in pursuit of the defendant, Ravalese shouted to the police officer in the cruiser for assistance. The defendant was apprehended by the officer.

The defendant was tried to a jury and was convicted of escape from custody, kidnapping in the second degree and assault on a peace officer. The defendant moved to set aside the verdict claiming, inter alia, that the court erred in refusing to charge on kidnapping as incidental to the escape charge. After his motion to set aside was denied, the defendant took this appeal, and claims solely that the trial court committed reversible error in refusing his request to charge the jury on kidnapping as incidental to the escape.

The sole issue before us is the propriety of the trial court's refusal to give any instructions to the jury on kidnapping as incidental to the charge of escape rather than as a separate crime. The defendant's assertion is without merit and in fact is contrary to current Connecticut law.

The trial court based its rulings on *State* v. *Vass*, 191 Conn. 604, 469 A.2d 767 (1983), in which our Supreme Court held that, "if the state proves all the elements of kidnapping, including the specific intent to restrain, beyond a reasonable doubt, the defendant may be convicted of kidnapping in addition to another felony, even though the two offenses arose out of the same conduct." Id., 614–15. Where the requisite intent is present, the fact that the perpetrator's underlying motive for the detention is the commission of another crime does not preclude a conviction for kidnapping. *State* v. *Lee,* 177 Conn. 335, 344, 417 A.2d 354 (1979).

Our Supreme Court has rejected the doctrine which would merge the act of kidnapping into the other crime charged where the kidnapping was merely incidental to such crime. *State* v. *Amarillo,* 198 Conn. 285, 304, 503 A.2d 146 (1986); *State* v. *Johnson,* 185 Conn. 163, 171, 440 A.2d 858 (1981); aff'd, 460 U.S. 73, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983); *State* v. *Briggs,* 179 Conn. 328, 339, 426 A.2d 298 (1979), cert. denied, 447 U.S. 912, 100 S. Ct. 3000, 64 L. Ed. 2d 862 (1980); *State* v. *DeWitt,* 177 Conn. 637, 640–41, 419 A.2d 861 (1979); *State* v. *Lee,* supra, 343; *State* v. *Chetcuti,* 173 Conn. 165, 170, 337 A.2d 263 (1977).

The defendant's reliance upon *State* v. *Dubina,* 164 Conn. 95, 318 A.2d 95 (1972), is misplaced. Since *Dubina* was decided, our Supreme Court has repeatedly held that a defendant may be convicted of two crimes that derive from the same conduct where the state is able to prove beyond a reasonable doubt the

essential elements of each crime. *State* v. *Amarillo,* supra, 305; *State* v. *Vass,* supra, 614–15, 616 n.9; *State* v. *Briggs,* supra, 339.

The trial court acted properly and in accordance with the law when it refused to instruct the jury that it was to determine whether the kidnapping was incidental to the escape.

There is no error.

In this opinion the other judges concurred.