STATE OF CONNECTICUT *v.* LOUIS TOLER
(12000)

SPEZIALE, C. J., PETERS, HEALEY, PARSKEY and SHEA, Js.

Argued November 1, 1983—decision released February 28, 1984

*Donald D. Dakers,* public defender, for the appellant (defendant).

*Julia D. Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, and *Michael Stern,* law student intern, for the appellee (state).

SPEZIALE, C. J. The issue presented in this appeal is whether a seven-month delay from the time of arrest on a probation violation charge to the time of the hearing violates the defendant's statutory right to a hearing brought "without unnecessary delay." General Statutes § 53a-32. Under the facts and circumstances of this case we hold that it does not. We find no error.

On October 5, 1979, the defendant, Louis Toler, was sentenced for a term of not less than two nor more than four years, execution suspended after seven months, and probation for three years for his conviction on charges of assault and possession of a sawed-off shotgun. On September 4, 1981, while the defendant was on probation, he pleaded guilty to charges of reckless endangerment and breach of peace. Because the September 4, 1981 conviction allegedly violated the defendant's probation, an arrest warrant was applied for on September 21, 1981. The arrest warrant, charging violation of probation pursuant to General Statutes § 53a-32, was issued on September 23, 1981. The defendant was not arrested at that time, but was arrested on June 28, 1982, on charges of assault, burglary, and also on the violation of probation charge. A bond of $5000 was set for the violation of probation charge and a separate bond of $5000 was set for the other charges. The defendant was unable to meet the $10,000 total bond and remained incarcerated after June 28, 1982.

The defendant unsuccessfully moved on July 14, 1982, to dismiss all charges because of procedural infirmities in the information and because of insufficient evidence. A probation revocation hearing in accordance

with General Statutes § 53a-32,[1] originally scheduled for July 21, 1982, was continued until January 28, 1983. The defendant moved at that hearing to dismiss the probation violation charge due to the delay of the hearing. The trial court denied the motion. Because of the defendant's conviction of September 4, 1981, the trial court, on February 4, 1983, ordered the defendant's probation revoked and ordered the defendant to serve the remainder of his original 1979 sentence.

The defendant has appealed to this court claiming error in the trial court's refusal to dismiss his violation of probation charge. The defendant asserts that the seven-month delay between his arrest on June 28, 1982, and the hearing on the violation of probation charge on January 28, 1983, violates General Statutes § 53a-32. We find no error in the trial court's refusal to dismiss the charge under the facts and circumstances of this case.

General Statutes § 53a-32 provides that upon arrest for a violation of probation charge, "the court shall cause the defendant to be brought before it without unnecessary delay." The defendant contends that seven months from arrest to hearing, without excuse, constitutes "unnecessary delay" so as to require dismissal of the charge and argues that in determining the issue of "unnecessary delay" in probation revocation hearings it is "improper" to consider the principles applicable to sixth amendment "speedy trial" determinations. We disagree.

---

[1] General Statutes § 53a-32 provides in relevant part that: "At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge, or may issue a notice to appear to answer to a charge of such violation, which notice shall be personally served upon the defendant. . . . Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it *without unnecessary delay* for a hearing on the violation charges." (Emphasis added.)

Other courts have found the time considerations regarding speedy trial and probation revocation situations to be analogous. See, e.g., *United States* v. *Wickham,* 618 F.2d 1307 (9th Cir. 1979); *United States* v. *Companion,* 545 F.2d 308 (2d Cir. 1976); *State ex rel. Ostrander* v. *Wilt,* 262 S.E.2d 420 (W. Va. 1980). In *United States* v. *Companion,* supra, the court refused to adopt a solely time-based standard as to whether an eighty-seven day delay between arrest for probation violation and hearing violated the defendant's statutory right to a hearing "[a]s speedily as possible after arrest." (Brackets in original.) Id., 310, quoting 18 U.S.C. § 3653. "An approach entirely dependent upon the length of delay, however, is not satisfactory. Such an approach would require either that we specify exactly how many days' delay is too many, which would be arbitrary at best, or that we allow the district courts to decide on a case-by-case basis when a delay is too long, which would likely result in uneven treatment of similarly-situated probationers." Id., 311. Acknowledging that many factors determine the meaning of "as speedily as possible," the court looked to the analogous situation of the sixth amendment speedy trial right.

The United States Supreme Court has identified four factors that must be assessed in determining whether a defendant has been denied his right to a speedy trial: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); see *State* v. *Johnson,* 190 Conn. 541, 461 A.2d 981 (1983); *State* v. *Troynack,* 174 Conn. 89, 384 A.2d 326 (1977). These same factors have been adopted by the West Virginia Supreme Court in ruling on delay between arrest on a charge of violation of probation and hearing. *State ex rel. Ostrander* v. *Wilt,* supra. We find these factors to be

useful in determining whether the defendant in the instant case has been brought to a hearing "without unnecessary delay."

From the time of the defendant's arrest on the probation violation charge to the hearing there was a seven-month delay. This is not an inconsiderable period of time. While we do not expect to see delays of this duration on a regular basis, the seven-month span in and of itself is not dispositive of this issue. Length of delay is but one of a number of factors to be considered.

Although the defendant contends that the delay in this case was "unexcused," there was an apparent understanding between the state and the defendant that it was in the defendant's best interest to resolve both the probation violation charge and the assault and burglary charges at the same time.[2] The state was ready at all times to proceed with the hearing on the

[2] At the hearing on the violation of probation charge the assistant state's attorney explained to the court the reason for the delay:

"Mr. O'Keefe: Well, my recollection of the case is this, that the defendant was presented on the violation of probation on July 6, 1982 and a hearing was set for July 21, 1982. If your Honor has the file, you will note there were probably other dates when it was continued until, and at the same time as the defendant had the violation of probation additionally he had a pending case in Part A and I had discussions with his attorney, I think Mr. Sturman at the time, and the case did come up a number of times and each and every time, possibly not at the request of either party but at the acquiescence of both the matter was put over. It's clear the attorney thought it was in his best interests to resolve this at the same time as his pending Part A case, and I'm sure that was his advice to Mr. Toler.

"It's my recollection of why this matter is still pending. It still remains in his best interests to resolve both at the same time, although he hasn't in fact done that. That's my recollection of it. That's the reason for the delay, if any, in proceeding to a hearing. This is the first time that the Public Defender has ever asked for a hearing and I'm ready to proceed. I was ready on all the prior other occasions. The witnesses, as your Honor will see in the course of the hearing, were each and every day within just a phone call, and the victims were present in court, so it was not a question of the State needing time to prepare. It took me less than an hour to prepare the matter for today's presentation."

probation revocation charge and both parties appear to have acquiesced in the numerous continuances that forestalled the hearing for seven months.

Significantly, the defendant made no protest concerning the delay until the actual hearing. "The defendant, moreover, did not assert his right to a speedy hearing until the delay was already a matter of historical fact, so that the most appropriate remedy—a hearing granted without any delay—could no longer be given." *United States* v. *Companion,* supra, 312.

Finally, the defendant has claimed no prejudice as a result of the delay. In *Barker* v. *Wingo,* supra, the United States Supreme Court identified three factors relevant to a claim of prejudice from a delay in trial: (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; and (3) impairment of defense. Id., 532. Because the defendant in the instant case chose to rely solely on his "unexcused delay" argument, he never presented any evidence or argument with respect to any of the factors found by this court and other courts to be relevant to a determination of reasonableness of delay. We are unable to find any prejudice on the record before us.

A seven-month delay in and of itself is not a violation of General Statutes § 53a-32. There may well be instances where such a delay, or even a shorter delay, would cause a defendant great harm and prejudice. Under all the facts and circumstances of this case, however, we are unable to say that the delay violated the defendant's statutory right to a hearing "without unnecessary delay."

There is no error.

In this opinion the other judges concurred.