STATE OF CONNECTICUT *v.* CARL DAVIS
(11410)

SPEZIALE, C. J., PETERS, PARSKEY, SHEA and GRILLO, Js.

Argued February 2—decision released April 17, 1984

*Catherine J. Capuano,* special assistant state's attorney, with whom, on the brief, was *Francis M. McDonald,* state's attorney, for the appellant (state).

*Martin J. Minnella,* for the appellee (defendant).

PARSKEY, J. The principal issue involved in this appeal is whether a delay of some twenty-six months between the defendant's arrest and his trial violated his constitutional right to a speedy trial. The trial court concluded that the defendant's speedy trial rights were violated. We disagree.

On February 1, 1980, at approximately 1:30 p.m., two men held up the Willow Pharmacy in Waterbury. Subsequent investigation of the robbery led the next day to the arrest of Lester Smith, Jr. Two days later Smith gave a statement to the Waterbury police in which he confessed to the robbery and identified Carl Davis as his accomplice. On February 4, 1980, the defendant Carl Davis was arrested and charged with the crimes of robbery in the first degree and attempt to commit murder. Unable to post bond the defendant was incarcerated. He was released on bond in the early part of October, 1981, after having spent approximately twenty months in jail.

"The sixth amendment guarantee of a speedy trial is a fundamental right applicable to the states through the fourteenth amendment to the United States constitution. *Klopfer* v. *North Carolina,* 386 U.S. 213, 223, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). This right is also guaranteed by the Connecticut constitution, article first, § 8. Although the right to a speedy trial is fundamental, it is necessarily relative, since a requirement of unreasonable speed would have an adverse impact both on the accused and on society. *United States* v. *Ewell,* 383 U.S. 116, 120, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1966); *State* v. *Troynack,* 174 Conn. 89, 91, 384 A.2d 326 (1977). The Supreme Court of the United

States and this court have identified four factors which form the matrix of the defendant's constitutional right to speedy adjudication: '[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant.' *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State* v. *Lloyd,* 185 Conn. 199, 208, 440 A.2d 867 (1981); *State* v. *Nims,* 180 Conn. 589, 591, 430 A.2d 1306 (1980). A balancing test is to be applied on a case by case basis. None of the factors standing alone demands a set disposition; rather it is the total mix which determines whether the defendant's right was violated. *State* v. *Nims,* supra, 591–92." *State* v. *Johnson,* 190 Conn. 541, 544–45, 461 A.2d 981 (1983).

The record of activity as outlined in the court file[1] indicates that from the date of his arrest on February 15, 1980, the defendant was not brought to trial until April 19, 1982, some twenty-six months later. This pretrial delay is sufficiently long to trigger an examination of the other ingredients of the speedy trial mix in order to determine whether the defendant's constitutional rights have been violated. *Barker* v. *Wingo,* supra, 530–31.

---

[1] "Docket Sheet in *State* v. *Carl Davis,* CR-4-77430

2/19/80   Continued to 3/4/80 for plea and grand jury presentment (Henebry, J.); Attorney Minnella enters appearance and Public Defender withdrew.

2/20/80 & 2/25/80   Motion for Bill of Particulars and Motion for Disclosure, Production and Discovery filed.

3/4/80   Application for Grand Jury filed and granted to 4/14/80 at 10:00 a.m. (Henebry, J.)

4/11/80   Motion to Permit Presence of Counsel during Grand Jury filed; Motion to Dismiss Prosecution under Career Criminal Program filed; Challenge to Array and Motion to Dismiss Jury Panel filed.

4/14/80   Motion to Dismiss under Career Criminal Program—denied (Henebry, J.); Motion to Permit Presence of Counsel at Grand Jury—denied (Henebry, J.); Challenge to Array and Motion to Dismiss Jury Panel—denied (Henebry, J.). Grand Jury Warrant filed; Grand Jury convenes 18 + 1; Attendance and oath taken;

The court found that the main reason for the pretrial delay was the shortage of available judges. Although this is a neutral reason, it does not excuse the delay;

|  |  |
|---|---|
|  | Introduction of Counsel; Charge by Judge—exceptions taken; Grand Jury begins taking evidence; Continued to 5/5/80 at 10:00 a.m. (Henebry, J.). |
| 5/2/80 | Motion to Withdraw Indictment filed. |
| 5/5/80 | State's Motion to Withdraw Grand Jury Indictment—granted without prejudice; Continued to 5/13/80 for plea; Motion to Reduce Bond—denied. (Henebry, J.). |
| 5/13/80 | Substitute Information filed; Plea—not guilty, jury trial; Pretrial to 6/4/80. (Henebry, J.). |
| 5/16/80 | Disclosure Motion; Motion for Alibi Defense. |
| 5/23/80 | Bill of Particulars filed; Answer to Discovery Motion filed. |
| 6/6/80 | Disclosure; Motion for Modification of Bail. |
| 6/18/80 | Bond Motion to June 24. (Henebry, J.). |
| 6/25/80 | Motion for Modification of Bail—granted to $50,000 or 10% cash from blood relative. (Henebry, J.). |
| 2/9/81 | Motion for Consolidation; Motion Hearing to 2/17. (Fishman, J.). |
| 2/17/81 | Motion continued to 2/18, 11:00 a.m. (Hull, J.). |
| 2/18/81 | Motion continued to 2/20; Motion to Sever. |
| 3/23/81 | Memorandum of Law re Motion to Sever. |
| 3/24/81 | Brief of State re Motion to Consolidate; Motion for Consolidation—denied; Motion to Sever—granted; To trial list. (Hull, J.). |
| 4/9/81 | Letter from State's Attorney. |
| 4/15/81 | Alibi Defense. |
| 4/16/81 | Answer to Disclosure Motion. |
| 4/20/81 | Motion for Nontestimonial Evidence—withdrawn without prejudice; Trial date changed to 5/5/81. (Fishman, J.). |
| 4/24/81 | State files Bill of Particulars, Disclosure and Substitute Information. |
| 5/7/81 | Disclosure by State; Disclosure by State. |
| 6/4/81 | Next trial. (Fishman, J.). |
| 8/21/81 | Motion for Speedy Trial filed. |
| 9/3/81 | Firm trial date of 9/29. (Hull, J.). |
| 9/14/81 | Motion for Speedy Trial—off. (Meehan, J.). |
| 9/17/81 | Disclosure filed. |
| 9/29/81 | Trial continued to 10/14; Bond Motion for 9/30/81. (Meehan, J.). |
| 9/30/81 | Motion to Reduce Bond—granted; Trial continued to 10/15. (Meehan, J.). |
| 10/14/81 | To trial list. (Meehan, J.). |
| 2/24/82 | To 3/9 for trial. (Cretella, J.). |
| 3/9/82 | Trial to 3/10. |
| 4/19/82 | Motion to Quash Subpoena filed; Motion for Speedy Trial—granted; Dismissed. (Hull, J.)." |

*Barker* v. *Wingo,* supra, 531; *State* v. *Nims,* supra, 592; because it is the state's duty to make a diligent good faith effort to bring the defendant to trial. *Smith* v. *Hooey,* 393 U.S. 374, 383, 89 S. Ct. 575, 21 L. Ed. 2d 607 (1969). Nevertheless, a delay of some twenty-six months due to congested dockets or the unavailability of judges, though weighted against the state, even if less heavily than a delay caused by deliberate state action, does not, in itself, establish the defendant's case. *State* v. *Johnson,* supra, 545; *State* v. *Lloyd,* 185 Conn. 199, 209, 440 A.2d 867 (1981).

The defendant's assertion of his right is episodic. For sixteen months he did not assert it at all. He started to assert it orally and vigorously in June, 1981, at a time when the trial court, *Hull, J.,* was considering a motion to suppress the confession in the companion case against Smith. At the trial court's request the defendant did not pursue his oral motion for a speedy trial while the suppression matter was under consideration.

After the trial court granted Smith's motion to suppress his confession, Davis waited another three weeks, until August 21, 1981, before filing a written motion for a speedy trial. This motion was not pursued when the case was assigned for trial on September 29, 1981. On that date the case was continued to October 14, 1981, and there is no evidence that Davis interposed an objection to the continuance. After a motion to reduce bond was granted on September 30, 1981, the defendant was released on bond in October, 1981. There is no evidence that thereafter he pursued his request for a speedy trial until April 19, 1982, when he orally moved for a dismissal after the jury was selected but before it was sworn.

It should be noted at this point that both the state and Davis had a strategic interest in the Smith case.

The state was anxious for a joint trial of Smith and Davis. Toward this end it moved to consolidate the cases. After that motion was denied the state was anxious to try Smith's case first so that it might be able to use Smith as a witness against Davis. Davis also had a strategic interest in the Smith case. If Smith's confession was suppressed[2] then not only would the state lose its leverage against Smith but without the confession it might even be obliged to suffer a dismissal in the Smith case, in which event the case against Davis would be weakened.

There is a remarkable similarity between the factual pattern in the *Davis* case and *Barker* v. *Wingo,* supra. In *Barker* there were also two suspects, Willie Mae Barker and Silas Manning. In *Barker* the Commonwealth of Kentucky had a stronger case against Manning and it believed that Barker could not be convicted unless Manning testified against him, that by first convicting Manning the Commonwealth would remove possible problems of self-incrimination and would be able to assure his testimony against Barker. When, with Manning's conviction, Barker lost his gamble, he then began to assert his speedy trial rights by objecting to further continuances. Weighing all of the factors the United States Supreme Court concluded in *Barker* that despite a pretrial delay of some five years which included ten months of incarceration, Barker's speedy trial rights had not been violated. *Barker* v. *Wingo,* supra, 536.

In this case there were also two suspects who appeared to have participated in the crime charged.

---

[2] An examination of the file in *State* v. *Lester Smith,* Superior Court, Judicial District of Waterbury, Docket No. CR-4-77369, of which we take judicial notice; *State* v. *Lenihan,* 151 Conn. 552, 554, 200 A.2d 476 (1964); discloses that on July 28, 1981, Smith's confession was suppressed and that on July 14, 1982, the case was dismissed for lack of sufficient evidence to proceed to trial. On receiving permission the state has appealed the Smith case to this court.

Although the state was prepared to proceed against Davis without Smith's testimony[3] and although the state has never asserted that Smith's testimony was crucial it is rather obvious that the case against Davis would be bolstered were Smith to testify against him. From Davis' vantage point, the suppression of Smith's confession in the Smith case would make it probable that that case would be dismissed, in which event Smith, in all likelihood, would no longer be a factor in the state's case against Davis. Despite the many similarities between this case and the facts of *Barker* v. *Wingo,* supra, we need not speculate, however, whether the state or Davis was gambling on the outcome of the Smith case because whether Davis' speedy trial rights have been violated must be determined by a careful balancing of the *Barker* factors rather than by a throw of the judicial dice.

Finally, we consider the fourth *Barker* factor of prejudice. The trial court, after hearing testimony from the defendant and an investigator, found that the defendant sustained no actual prejudice as a result of the pretrial delay. It did find that there was a strong possibility that the defendant's ability to obtain witnesses would be impaired but the witnesses the defendant claimed were unavailable were neither witnesses to the offense charged nor alibi witnesses. To constitute a speedy trial violation claimed prejudice to the defense of a criminal prosecution must relate to a material fact in issue. *United States* v. *Edwards,* 577 F.2d 883, 889 (5th Cir. 1978). Alibi evidence, although commonly called a defense, is merely a rebuttal of the state's evidence. *State* v. *Bill,* 146 Conn. 693, 696–97, 155 A.2d 752 (1959). "The burden is upon the accused in the first instance to produce evidence in support of the alibi. Whenever that defense is so far proved that upon the

---

[3] The state indicated that it had eighteen potential witnesses it might call against Davis.

whole evidence a reasonable doubt as to the guilt of the defendant is caused, he is entitled to an acquittal." Id., 697.

The defendant does not claim nor did the court find that the unavailable witnesses could establish his alibi defense in the sense in which we have used the term. His claim is that they could establish his whereabouts about one hour to one and one-half hours after the time of the alleged offense. Under a claim of prejudice to the defense a defendant must show that unavailable witnesses could have materially helped the defendant's case. *United States* v. *White,* 470 F.2d 170, 175 (7th Cir. 1972). Impaired ability to obtain tangential witnesses can hardly be regarded as weighty in the *Barker* analysis.

After scraping off the marginal evidential barnacles all that remains is a twenty-six month pretrial delay[4] during most of which the defendant failed to assert his right to a speedy trial. Unless we are to adopt a per se rule, a delay of that duration is not enough in itself to warrant dismissal of a prosecution for failure to give the defendant a speedy trial.

There is error, the judgment is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.

---

[4] Although the defendant was incarcerated for twenty of the twenty-six month delay, the trial court found none of the other effects sometimes associated with incarceration; *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); other than the possible impact on the defendant's ability to locate certain peripheral witnesses.