STATE OF CONNECTICUT *v.* ROBERT W. CLEARY
(3305)

DUPONT, C.P.J., BORDEN and DALY, Js.

Argued November 8, 1984—decision released March 12, 1985

*Donald A. Browne,* state's attorney, for the appellant (state).

*Milo J. Altschuler,* for the appellee (defendant).

DUPONT, C.P.J. The issue of this appeal is whether the trial court erred in granting the defendant's oral motion to dismiss criminal charges pending against him. It is unclear whether the dismissal was grounded upon a violation of the defendant's constitutional right to a speedy trial or upon the state's lack of diligence in preparing for trial.

The defendant was arrested on March 16, 1981, and charged with robbery in the first degree and with taking a motor vehicle without the owner's permission. The arrest warrant described a gunpoint robbery of a victim who subsequently identified the defendant as the perpetrator from a police photograph. The defendant notified the state that he intended to present an alibi defense, and, in June of 1982, the matter was placed

on the trial list. The case was first reached for trial in the fall of 1983 but the trial did not take place because the victim was abroad serving in the military service. The matter subsequently came up for trial four different times, in December, 1983, March and April, 1984, and finally on May 21, 1984. On the first three occasions, the victim was unavailable for the same reason, and the court granted a continuance each time. On the April date, the defendant objected to the continuance, moving for a dismissal. The court then allowed another continuance, without prejudice to the defendant's right to move again for a dismissal on the next scheduled trial date which was May 21, 1984. On that date, the victim was again absent from court although he had notified the court of his presence back in the United States. In addition, counsel for the state was not yet ready to proceed nor had he investigated the defendant's alibi defense. The court then granted the defendant's motion and dismissed the charges against the defendant.

The state's first claim is that the delay in the defendant's criminal prosecution was not a violation of his constitutional right to a speedy trial and, consequently, that the court should not have dismissed the matter.

Under the sixth amendment to the United States constitution, criminal defendants are guaranteed the right to a speedy trial which fundamental right applies to state prosecutions through the fourteenth amendment to the United States constitution. *Klopfer* v. *North Carolina*, 386 U.S. 213, 223, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967). This right is also guaranteed by the Connecticut constitution, article first, § 8. The Supreme Court of the United States and the Connecticut Supreme Court have stated that there are four factors which should be considered in assessing an accused's constitutional right to speedy adjudication. They are the "[l]ength of delay, the reason for the delay, the

defendant's assertion of his right, and prejudice to the defendant." *Barker* v. *Wingo,* 407 U.S. 514, 530, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State* v. *Johnson,* 190 Conn. 541, 544–45, 461 A.2d 981 (1983). "A balancing test is to be applied on a case by case basis. None of the factors standing alone demands a set disposition; rather it is the total mix which determines whether the defendant's right was violated." *State* v. *Johnson,* supra, 545.

In this case, the defendant was not incarcerated and the delay between arrest and dismissal was thirty-eight months. A delay of twenty-six months does not by itself warrant dismissal on speedy trial grounds but is a period "sufficiently long to trigger an examination of the other ingredients of the speedy trial mix . . . ." *State* v. *Davis,* 192 Conn. 739, 741, 474 A.2d 776 (1984).[1]

The defendant had no reason to countenance the delay, such as awaiting actions of co-defendants, and the defendant neither caused nor acquiesced in the delay. See *State* v. *Davis,* supra, 744–45; *State* v. *Brown,* 172 Conn. 531, 540, 375 A.2d 1024, cert. denied, 434 U.S. 847, 98 S. Ct. 153, 54 L. Ed. 2d 114 (1977).

The state claims that the defendant failed to assert his right to a speedy trial. Apparently no written motion was filed by the defendant pursuant to Practice Book § 812 and the record does not contain a reference to a request for a dismissal until the April 11, 1984 trial date. Practice Book § 812 allows oral pretrial motions for good cause shown, in the discretion of the trial

---

[1] Effective July 1, 1983, trials of defendants charged with criminal offenses shall commence within a maximum of eighteen months from the date of the filing of the information or the arrest, whichever is later. General Statutes § 54-82*l;* Practice Book §§ 956B, 956C.

judge. The trial court did not abuse its discretion in acting upon the defendant's oral motion.

Finally, the state asserts that the defendant was not prejudiced in any way by the pretrial delay. Prejudice must be determined in light of the interests of the defendant which the speedy trial right was designed to protect. Those interests are the prevention of oppressive pre-trial incarceration, the minimizing of anxiety and concern of the accused, and the protection of any impairment in the defense. *Barker* v. *Wingo,* supra, 532; *State* v. *Gasparro,* 194 Conn. 96, 480 A.2d 509 (1984); *State* v. *Toler,* 192 Conn. 321, 326, 471 A.2d 643 (1984). The first does not apply as the defendant was not incarcerated. The defendant made no specific claim of having experienced undue concern, although "even an accused on bond is still disadvantaged by restraint on his liberty and by living under a cloud of anxiety, suspicion and often hostility." *Barker* v. *Wingo,* supra, 533.

Of the three interests, " 'the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' " *State* v. *McCarthy,* 179 Conn. 1, 9, 425 A.2d 924 (1979). The major evidence against the defendant in the present case was the photographic identification by the victim. As time passes, a jury would be increasingly less influenced by the victim's failure to identify the defendant in the courtroom, but correspondingly, after a substantial hiatus, a jury would accord greater weight to photographic identification. The photographic identification of the defendant was crucial evidence and its potential prejudicial effect could have materially aided the state's case. *State* v. *Troynack,* 174 Conn. 89, 384 A.2d 326 (1977). Additionally, the state had not fully investigated the defendant's alibi. His witnesses had only had contact with the defendant on the night of the

alleged incident, and their testimony would become increasingly less persuasive as time passed.

This case was to be disposed of by May 21, 1984. Prior to entering the dismissal order, the court gave the state the alternative of entering a nolle, pursuant to Practice Book § 724, which the state rejected. Finally, from the record it is apparent that the state was not ready to proceed with prosecution, that it had not investigated the potential testimony of the alibi witnesses, and that there was no evidence that the victim was available to testify in the immediate future.

It is unnecessary to decide whether the facts of this case warrant the conclusion that the defendant was deprived of his constitutional right to a speedy trial. It is only necessary to decide whether the state failed to prepare diligently for trial. Thirty-six months after arrest, and five scheduled trial dates, spanning a period of six months, later, the state was still not ready to proceed with a trial. The facts speak for themselves. The trial court properly granted the defendant's motion to dismiss the charges against him.

There is no error.

In this opinion the other judges concurred.