[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an amended petition for a writ of habeas corpus alleging in the first four counts ineffectiveness of trial and appellate counsel, in a fifth count a denial of due process, and in a sixth count a denial of equal protection.
The parties have stipulated to the facts and exhibits. (Exhibits 1 through 27). On April 20, 1979, the petitioner was arraigned on three counts of capital felony murder and robbery first degree. On September 29, 1981, jury selection commenced, and on November 12, 1981, the taking of evidence began. On January 19, 1982, the jury returned guilty verdicts on three counts of felony murder, and on February 19, 1982, the petitioner was sentenced to three, twenty-five (25) year to life terms, consecutive to each other and any other sentence he was then serving.
The petitioner appealed this conviction, and, on April 23, 1985, the Connecticut Supreme Court reversed the conviction, 196 Conn. 32 (1985), and a new trial was ordered. On July 1, 1985, the petitioner filed an interlocutory appeal claiming that a re-trial would violate his right against double jeopardy, and this appeal was dismissed on October 1, 1985.
On November 12, 1986, jury selection in his second trial began, and on January 13, 1987, the taking of evidence commenced. On February 2, 1987, he was again found guilty on three counts of felony murder, and on March 11, 1987, he received the same sentence as previously imposed.
On April 8, 1987, he appealed his second conviction for these offenses, and on January 10, 1989, our Supreme Court affirmed, 209 Conn. 564 (1989). CT Page 4606
The petitioner claims, in the first count, that trial counsel at his first trial rendered ineffective assistance by failing to protect adequately his right to a speedy trial; in the second count, that appellate counsel in his first appeal rendered ineffective assistance by failing to raise the aforementioned denial of a speedy trial on appeal; in the third count, that trial counsel at his second trial rendered ineffective assistance by failing to protect adequately his right to a speedy trial; in the fourth count, that appellate counsel in his appeal from the second trial rendered ineffective assistance by failing to brief the speedy trial issue adequately; in the fifth count, that his rights to due process and speedy trial were violated by the delay purportedly caused by the prosecutor's improper argument at his first trial which resulted in the necessity of a second trial; and, in the sixth count, that his right to equal protection was denied because he was deprived of a speedy trial at his first trial.
 I
Counts one through four of the amended petition all allege that the petitioner's incarceration is unlawful because of the ineffective assistance of both his trial and appellate counsel. The petitioner asserts that their ineffectiveness stemmed from a failure to protect and argue adequately his right to a speedy trial. In order to prevail at a habeas corpus trial on the ground of ineffectiveness of counsel, the petitioner must prove that his attorney's conduct fell below an objective standard of reasonable professional assistance and that, but for such substandard assistance, there exists a reasonable probability that the result of the proceedings would have been different, Levine v. Manson, 195 Conn. 636 (1985), p. 640; and Johnson v. Commissioner, 218 Conn. 403 (1991), p. 424.
Because of the particular claims of ineffectiveness relating to a denial of a speedy trial, as made in this case, in order for the petitioner to prevail on any of these four counts, he must prove that there exists a reasonable probability that had his speedy trial claims been presented in a competent way, at either the trial or appellate level, the charges of which he stands convicted would have been dismissed by virtue of a denial of a speedy trial. This is so because the remedy of a new trial is not an appropriate one for a denial of a speedy trial, and, also, the petitioner has presented absolutely no evidence that a third trial would likely end with a different result from the first two trials. In this particular case, the petitioner is entitled to habeas corpus relief only if he can demonstrate that it is CT Page 4607 reasonably likely that the charges against him would have been dismissed for a violation of his right to a speedy trial.
It should be noted that the petitioner makes no claim that he was denied a speedy appeal, but rather he bases his claims on the denial of a speedy trial.
As mentioned above, the parties have stipulated to the facts underlying this petition. No testimony from any legal expert was adduced as to the applicable objective standard of professional competency with respect to safeguarding speedy trial rights either at the trial or appellate level. Nor was any testimony introduced or evidence presented concerning the likelihood of obtaining a dismissal had the speedy trial issue been pursued in a reasonably competent fashion.
Thus, an issue the Court must determine, as a matter of law on the facts as stipulated, is whether it is reasonably probable that the petitioner would have been successful in having the charges against him dismissed. This determination requires an examination of the stipulated facts as illuminated by the case law surrounding the right to a speedy trial.
In State v. Lloyd, 185 Conn. 199 (1981), our Supreme Court stated that there are four factors which form the "matrix" of an accused's right to a speedy trial. These factors are 1) the length of delay; 2) the reasons for delay; 3) the assertion of the right; and 4) prejudice caused by delay, Ibid., p. 208. The lynchpin of any speedy trial claim is the fourth factor, a showing of prejudice, Ibid., p. 209.
Prejudice is assessed in the light of the interests of an accused person which the speedy trial right was designed to protect, State v. McCarthy, 179 Conn. 1 (1979), p. 8. Three such interests are 1) to prevent oppressive pretrial incarceration; 2) to minimize the anxiety and concern of the accused; and 3) to limit the possibility that the defense at trial will be impaired, Ibid., p. 9. The most important of these interests is the third because the inability of an accused adequately to prepare his case skews the fairness of the entire system, Ibid.
In this regard, the stipulated facts disclose no specific prejudice to this petitioner which impaired his defense at either trial. There is no claim that a witness became unavailable at either trial as a result of delay. There is no claim that the fading of memories inured to the detriment of the petitioner or that the use of evidence, CT Page 4608 otherwise available, was lost or diminished by any delays.
The Court has surveyed appellate level cases dealing with the speedy trial issue in our state courts decided over the last twenty (20) years. A list of the twenty-six (26) cases surveyed is appended to this memorandum of decision. This survey discloses only one case decided on the appellate level during this time period which held that the charges against an individual ought to have been dismissed for lack of speedy trial in the absence of a showing of specific prejudice in the ability to present a defense at trial. That case is State v. Almgren, 12 Conn. App. 364 (1987). While several other cases mention the possibility that dismissal could be appropriate in the absence of such impairment, the Almgren, case is the only case found by the court in which prejudice was presumed without such a showing; see e.g. State v. Flowers, 198 Conn. 542 (1986), p. 551. In Gaines v. Manson, 194 Conn. 510 (1984), prejudice was presumed, but that was a case involving appellate delay, and a dismissal of the charges was not ordered. The uniqueness of the Almgren case, in contrast to every other case which dealt with this issue, demonstrates that dismissal for a denial of speedy trial, without a showing of specific prejudice to the presentation of a defense, is exceedingly rare.
To show that the competent pursuit of his speedy trial rights would have probably resulted in a dismissal, the petitioner must be able to show that the facts in his case closely resembled those salient factual features of the Almgren case. In that case, there was a thirty-two month delay between arrest and trial. Nearly all of this delay was attributable to the actions of the prosecution, State v. Almgren, supra, p. 369. The case was assigned for jury trial twenty-five times. The case was marked as the first or next ready case several times without being reached for trial. After the first "next ready case" marking, the matter was not tried until twenty months later. The defendant filed three, separate motions to dismiss for lack of speedy trial, and all three motions were denied. The case was not heard until thirteen months after the defendant's first motion to dismiss. The defendant and his counsel appeared, ready to defend, on several assigned trial dates, and, on one occasion, the defendant expended $700.00 in subpoenas in vain. The Appellate Court found the prosecution's conduct "to be in the nature of harrassment," Ibid., p. 372. That court characterized the charges in that case as "relatively minor," Ibid., p. 373.
In contrast, the facts in the instant matter show a case of extreme complexity, involving charges of capital felony CT Page 4609 murder, interlocutory appeals, and multiple defendants. Over sixty pre-trial motions, many filed by the petitioner, had to 3 be addressed before the two trials could go forward.
Much of the delay in this case is attributable to the petitioner. He filed several requests for continuances and delays, including a request, dated November 12, 1986, some seven and one-half years after his arrest and incarceration, asking the trial court, on the eve of his second trial, to postpone his trial indefinitely so that adverse pre-trial publicity might abate. (Exhibit 23). Additionally, his escape from custody and interlocutory appeal consumed time not attributable to the prosecution.
The "extreme remedy of dismissal" cannot be granted for every delay, State v. McCarthy, supra. Given the stipulated facts of this case, including the absolute lack of any particular prejudice to the petitioner's presentation of his defense, and the fact that dismissal is an extreme and rarely employed remedy in such cases, the Court cannot find that the petitioner has met his burden of proving that, but for his various counsel's performance, there exists a reasonable probability, as opposed to possibility, that the charges against him would have been dismissed for a lack of speedy trial at any stage or level. Having failed to demonstrate the probable change in result, the petitioner's request for habeas corpus relief cannot stand on these counts.
As to the fifth and sixth counts of the amended petition, in order to obtain review of a constitutional claim in a habeas corpus proceeding, the petitioner must prove, by a preponderance of the evidence, that he did not deliberately bypass the orderly process of direct appeal, Payne v. Robinson, 207 Conn. 565 (1988), p. 568. In the case sub judice, the petitioner neither alleged nor proved a lack of deliberate bypass of direct appeal of these issues, and, therefore, habeas corpus review is unavailable.
For the reasons stated above, the petition is dismissed.
BY THE COURT, HON. SAMUEL SFERRAZZA SUPERIOR COURT JUDGE
APPENDIX
State v. Orsini, 155 Conn. 367 (1967)
State v. L'Heureux, 166 Conn. 312 (1974) CT Page 4610
State v. Chapman, 34 Conn. Sup. 514 (App. Sess. 1976)
State v. Brown, 172 Conn. 531 (1977)
State v. Troynack, 174 Conn. 89 (1977)
State v. McCarthy, 179 Conn. 1 (1979)
State v. Nims, 180 Conn. 589 (1980)
State v. Antrum, 185 Conn. 118 (1981)
State v. Lloyd, 185 Conn. 199 (1981)
State v. Files, 183 Conn. 586 (1981)
State v. Cordova, 38 Conn. Sup. 377 (App. Sess. 1982)
State v. Gooding, 38 Conn. Sup. 521 (App. Sess. 1982)
State v. Johnson, 190 Conn. 541 (1983)
State v. Davis, 192 Conn. 739 (1984)
State v. Gasparro, 194 Conn. 96 (1984)
Gaines v. Manson, 194 Conn. 510 (1984)
State v. Morrill, 197 Conn. 507 (1985)
State v. Cleary, 3 Conn. App. 349 (1985)
State v. Maiocco, 5 Conn. App. 347 (1985)
State v. Gaston, 198 Conn. 435 (1986)
State v. Flowers, 198 Conn. 542 (1986)
State v. Toste, 198 Conn. 573 (1986)
State v. Foshay, 12 Conn. App. 1 (1987)
State v. Almgren, 12 Conn. App. 364 (1988)
State v. Harris, 14 Conn. App. 244 (1988)
State v. Mooney, 218 Conn. 85 (1991) CT Page 4611